Am I pronouncing your name correctly? Bruzzese. Thank you. Thank you. Thank you. So Mr. Bruzzese, you've got four minutes and then you've reserved one minute for rebellion. Yes, Your Honor. And so we're happy to hear you. May it please the court, I am Adam Bruzzese, the plaintiff appellant, representing myself in conjunction with my written briefs, I present this oral argument. In 2021, Supreme Court Justice Neil Gorsuch wrote for a 6-3 majority in a deportation case in which he invoked the notion that the government must turn square corners, meaning that the government must act fairly and honestly. Now that case was a due process case in which the subject of deportation should be given clear and complete charging documents. Now in my case, I cite Cleveland Board of Ed V. Loudermill. In that case, the Supreme Court stated that property cannot be defined by the procedures provided for its deprivation any more than can life or liberty. The right to due process is conferred by legislative grace, not by legislative grace, but by constitutional guarantee. And what they're saying is that the question isn't one of what are the laws and the rules that comprise due process for a deprivation of life or of liberty or of property. The question is, were those laws and rules followed? Now, Apelli has known from the beginning of litigation that due process has been violated and that their main witness, Eric Immersberger, is not credible. Apelli has heard numerous witnesses disprove the allegations made against me by Immersberger. They themselves contradicted two of the allegations in their own submission during the litigation. They heard other co-workers testify that I was safe, diligent, trustworthy, a good agent, and an asset to the division. Apelli has heard the doctors from the fitness evaluation state in their depositions that they found me fit for duty with no psychological illnesses and that neither doctor found me unsuitable to carry a firearm or unsuitable for law enforcement position. They heard Dr. Goldhagen state that if the allegations made against me are not true, then I should be returned to full unrestricted duty. Apelli has the reassignment memo, which clearly contains no charges or reasons for the reassignment. They can clearly also see that it allowed only three days notice of the imposition of the adverse action. So just so that I understand, there was a prior action, a prior action, prior case in which a lot of these, but maybe not the due process claim that you're bringing, were adjudicated. Is that right? My initial claim was an EEO claim based on regarded as disabled, regarded as psychologically disabled. When that was dismissed, because as the appellate court said, they couldn't have regarded me as disabled if the doctors told them I was fit for duty. So that brought about, if I'm fit for duty, why was I reassigned? And there was no reason ever given, either then or when it was supposed to be given at the time of the adverse employment action. And you understand that in connection with your request for a mandamus before Judge Donnelly, what Judge Donnelly said was that you could have raised this due process claim in that first action. You didn't, and so you're barred from trying to what's called re-litigate. It sounds like you understand that term too, re-litigate or re-litigate the due process claim. Do you understand that? I understand that, and respectfully, Judge Donnelly's incorrect. We incorporated in my representation at the time, incorporated in the due process appeal, in the EEO appeal, the due process violations. There was, I believe, 16, and I mentioned in my written brief, 16 different mentions of violations of ATF policy on a part of the government, where ATF didn't follow their own policies or civil service laws. And also the misrepresentations made by Embersberger, the false allegations. And those were disregarded by the appeals court, because I couldn't complete the first hurdle, so to speak. The first hurdle being regarded as disabled. So they didn't, in footnote number five of their finding, of the appellate court finding, they specifically stated we are not going to consider the other prongs, which contain the due process violations. So your red light is on, we'll hear from the government, then we'll hear again from you. Yes, ma'am, thank you. Good morning, I'm Mary Nelson, Assistant U.S. Attorney from the Eastern District of New York. Defendant respectfully submits that the dismissal of the action should be affirmed. Unless the court has questions, I will rest on the arguments in our brief. Thank you. Thank you. Okay. And to continue with what I was speaking before was, Appelli also knows that no hearing of it took place, where I could have challenged the allegations with the assistance of counsel. Appelli has discovered from Dr. Mod showing a second set of allegations, which are ex parte statements that violate the precedent set in the stone and ward cases. Now, contrary to Judge Donnelly's application of res judicata and collateral estoppel, Appelli cannot cite any court finding that states that the adverse action was lawfully administered in terms of due process. Appelli knows that due process violations and false allegations subvert any notion of a valid adjudication on the merits. This entire process is corrupted by false information, false allegations, and it's corrupted by the failure of due process on a part of the government. Just like a prosecutor would have to disclose exculpatory evidence or disfavorable evidence, the government has a duty, a duty to Canada, to admit that the allegations are false, and that due process was violated. They have to turn the square corners. And basically, this is the motion to compel only asks that ATF undo what is illegal, and it is still illegal today. That's all I'm asking is to, ATF wouldn't do it on their own volition. I asked them to. I showed them how it's illegal, and they still wouldn't reverse the unlawfulness. I'm asking the court to compel them to undo what is clearly illegal. If it wasn't done right, it was done wrong, and it must be undone. The law says so. Thank you very, very much. Thank you. We'll reserve the decision.